# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **SARAH GILLUM,**<br><br>         **Plaintiff,**<br>**v.**<br><br>**CIGNA GROUP INSURANCE a/k/a LIFE INSURANCE COMPANY OF NORTH AMERICA,**<br><br>         **Defendant.** | **Civil Action No.** <u>3:19-cv-372-CHB</u> |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446,  Life Insurance Company of North America, the defendant improperly named as CIGNA Group Insurance[1], ("LINA" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Jefferson County, Kentucky, Case No. 18-CI-07148, where it is currently pending, to the United States District Court for the Western District of Kentucky. As discussed below, removal of this action is proper pursuant to this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claim against LINA invokes the Court's federal question

---

[1] While Plaintiff names "CIGNA Group Insurance" as a defendant to this action, CIGNA Group Insurance is not a legal entity and cannot accept service of process; rather "CIGNA Group Insurance" is merely a service mark for LINA and its affiliated companies. LINA administers claims submitted under the applicable Policy and Plan and is the proper defendant to this action.

jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendant respectfully shows the Court as follows:

1.     Plaintiff Sarah Gillum ("Plaintiff") instituted a civil action against LINA in the Circuit Court of Jefferson County, Kentucky, on or around February 6, 2019. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.     LINA is filing this Notice of Removal within thirty (30) days after being informed of the aforesaid action pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3.     This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal question jurisdiction under ERISA.

4.     The United States District Court for the Western District of Kentucky is the federal judicial district embracing the Circuit Court of Jefferson County, Kentucky, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 97(b) and 1441(a).

**FEDERAL QUESTION JURISDICTION**

5.     Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, the ERISA jurisdiction provision provides for concurrent jurisdiction to

the state and federal courts over participant's claims under 29 U.S.C. § 1332(a)(1)(B) and exclusive jurisdiction to the federal courts over all other ERISA claims by participants. *See* 29 U.S.C. § 1332(e)(1). When filed in state court, such actions may be removed to federal court. *See* 28 U.S.C. § 1441(a).

6.      In her Complaint, Plaintiff expressly alleges that she is insured under an ERISA-governed disability insurance plan offered by her employer, Southern Indiana Rehabilitation Hospital. *See* (Ex. A at p. 2, ¶¶ 1.3[2]). Based upon an alleged termination of her benefits, Plaintiff asserts a single count for violations of ERISA. *See* (*id.* at p. 3, ¶¶ 17-19). Plaintiff seeks "disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law," "attorney's fees and expenses that Plaintiff has incurred for enforcing her ERISA [] rights," "any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history," costs, and "any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, tort or other claims that may arise once discovery is complete." (*Id.* at p. at 3 - 4, "Wherefore" paragraph).

---

[2] Plaintiff's Complaint contains two paragraph #1-3. To prevent confusion, LINA has referred to them as paragraphs 1.1 and 2.1.

7.     LINA issued Group Policy No. SGD-602967 (the "Policy") to Southern Indiana Rehabilitation Hospital to insure the long-term disability component of Southern Indiana Rehabilitation Hospital's Health and Welfare Benefit Plan (the "Plan"), which is an "employee welfare benefit plan," 29 U.S.C. § 1002(1), pursuant to ERISA. Plaintiff was a participant in the Plan based on her employment with Southern Indiana Rehabilitation Hospital. A copy of the Policy is attached hereto as Exhibit B. This document expressly references ERISA and provides a statement of participant's rights under ERISA. *See* (Ex. B at p. 27). LINA serves as the claims administrator for claims under the Policy.

8.     Because Plaintiff asserts a single federal cause of action under ERISA, *see* (Ex. A at p. 3, ¶¶ 17-19), and even alleges the federal court's jurisdiction under 29 U.S.C. § 1132(e), *see* (Ex. A at p. 1, ¶ 3), this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law.

## MISCELLANEOUS

9.     A copy of this Notice of Removal is being filed with the Circuit Court of Jefferson County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

10.     Along with this Notice of Removal, LINA will tender to the Clerk of this Court the funds necessary to secure removal.

11.     LINA is timely filing this Notice of Removal within thirty (30) days after being informed of the aforesaid action pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

12.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13.     The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of Kentucky.

14.     If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Life Insurance Company of North America, by and through its undersigned counsel, prays that the above action currently pending against it in the Circuit Court of Jefferson County, Kentucky, be removed to this Court.

Respectfully submitted this 21st day of May 2019.

/s/Grace R. Murphy
William B. Wahlheim, Jr.
Grace R. Murphy
*Attorneys for Defendant Life Insurance Company of North America*

[applications for admission *pro hac vice* to be filed]

**<u>OF COUNSEL</u>:**

Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 21st day of May 2019:

Robert A. Florio
1500 Story Ave.
Louisville, KY 40206
Counsel for Plaintiff

/s/Grace R. Murphy
OF COUNSEL